UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| YAQIN A. UMOJA a/k/a MICHAEL WILLIAMS, | ) ) ) |
| Plaintiff, | ) ) ) ) |
| VS. | ) No. 16-1312-JDT-cgc ) ) ) |
| CORRECTIONS CORPORATION OF AMERICA, ET AL., | ) ) ) ) |
| Defendants. | ) ) |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 2, 2016, Plaintiff Yaqin A. Umoja a/k/a Michael Williams, an inmate currently housed at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns Umoja's previous incarceration at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee.[1] On

---

[1] In another of Umoja's cases, he filed a notice of change of address on June 18, 2018, stating he had been transferred to the TTCC. *Umoja v. Corr. Corp. of Am., et al.*, No. 16-1248-JDT-cgc (W.D. Tenn.) (Notice, ECF No. 10). Based on that notice, the Clerk is directed to MODIFY the docket in this case to reflect that Umoja is now at the TTCC and to send a copy of this order to him at that new address.

December 5, 2016, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as CoreCivic (formerly known as Corrections Corporation of America (CCA)), a private company that manages the WCF; former WCF Warden Tammy Ford; Property Officers T. Robertson, K. Robertson, and First Name Unknown (FNU) Williams; Property Sergeant FNU Lewis; Lieutenant J. Robert, E.R.T.; Case Manager K. Futrell; Sergeant FNU Howell; and Chief of Security FNU Nelson.

In his complaint, Umoja alleges that he was transferred from the HCCF to the WCF on November 22, 2016, and upon his arrival all of his property was taken. (ECF No. 1 at 2.) Umoja alleges that Defendants T. Roberson and K. Robertson took his electronics, including his television, fan, trimmers, and night light, saying the items were not on his property list. (*Id.*) Umoja alleges those items have been on his property list since 2013 and that there is a property sheet from the Northwest Correctional Complex, where he was previously housed, to prove it. (*Id.*) He alleges, however, that prison officials at the WCF refused to pull that paperwork. (*Id.*) Umoja further alleges that the taking of his property was in retaliation for a lawsuit filed against CoreCivic.[2] (*Id.*) Umoja asks for his property to be returned and for monetary damages. (*Id.* at 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

---

[2] Presumably, the lawsuit Umoja refers to is Case Number 16-1248-JDT-cgc (W.D. Tenn. filed Sept. 14, 2016), *supra*, note 1.

>    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)

("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Umoja filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint contains no factual allegations against Defendants Ford, Lewis, Robert, Futrell, Howell, Nelson or Williams. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. Furthermore, Umoja has no claim against any of these Defendants to the extent they are sued because they may hold a supervisory position. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). Furthermore, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of

6

misconduct does not."). The complaint in this case does not allege that any of these Defendants through their own actions, violated Umoja's rights.

The complaint does not assert a valid claim against CCA/CoreCivic. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCA/CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CCA/CoreCivic, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege that Umoja suffered any injury because of an unconstitutional policy or custom of CCA/CoreCivic.

Claims for deprivation of property are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985). This is true even if the property is taken intentionally. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[T]he State of

Tennessee does provide an adequate post-deprivation remedy for takings of property." *McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005) (citing *Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir. 1985)). Umoja could have sued the Defendants, or any other responsible person, in the state courts of Tennessee.

Umoja alleges that his property was taken in retaliation for another lawsuit filed against CoreCivic/CCA. "Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution." *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005).

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc); *see also Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004) (same); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (same).

In this case, Plaintiff has not sufficiently alleged there was a causal connection between the filing of the prior lawsuit and the taking of his property. Assuming the prior action to which he refers is *Umoja v. Corr. Corp. of Am.*, No. 16-1248-JDT-cgc (W.D. Tenn. filed Sept. 14, 2016), Plaintiff filed that action while he was housed at the Hardeman County Correctional Facility (HCCF), and the complaint concerns events which occurred there. (*See* No. 16-1248, ECF No. 1.) However, while it is true the HCCF is also a CoreCivic-managed prison located in Whiteville, Tennessee, Plaintiff does not allege that

any of the individual WCF Defendants named in this action were aware that Umoja had filed that prior lawsuit or any other lawsuit. Therefore, Umoja's allegations fail to state a claim that the taking of his property was retaliatory.

For all of the foregoing reasons, the complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the complaint is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Umoja in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Umoja would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Umoja nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the

procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Umoja, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[3] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE

---

[3] Umoja previously filed *Umoja v. Farwell*, No. 11-2121-JDT-dkv (W.D. Tenn. Jan. 4, 2012) (dismissed for failure to state a claim).